IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 10-22-SLR |
| ) | |
| QUENTIN STANFORD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 22d day of July, 20111, having considered defendant's motion for judgment of acquittal;

IT IS ORDERED that said motion (D.I. 60) is denied for the following reasons:

1. On May 4, 2011, a jury found defendant guilty as to count one of an indictment charging him with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Defendant has filed a motion for judgment of acquittal to which the government has not filed opposition. (D.I. 60)

2. Federal Rule of Criminal Procedure 29(c)(1) provides that, following a jury verdict, "a defendant may move for a judgment of acquittal." In ruling on a motion for judgment of acquittal, the court must "view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences." *United States v. Lacy*, 446 F.3d 448, 451 (3d Cir. 2006). Courts must be "vigilant not to usurp the role of the jury by weighing credibility and assigning weight to the evidence or

by substituting its judgment for that of the jury." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). The defendant bears a "very heavy burden" when challenging the sufficiency of the evidence supporting a jury verdict." *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995). A "finding of insufficiency should 'be confined to cases where the prosecution's failure is clear.'" *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002) (quoting *United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984)).

3. The indictment charges that defendant "did knowingly possess in and affecting interstate commerce, a firearm, that is, a Windsor IV 12-gauge shotgun, bearing serial number 102891 ("the shotgun"). (D.I. 9) At trial, the government presented expert testimony from Jason Kusheba ("Kusheba"), Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives. (D.I. 56) Kusheba testified that the shotgun was manufactured in Italy and imported to Pennsylvania sometime between 1984 and 1988. *(Id.* at 146) Kusheba stated that, at some point, the shotgun crossed state lines going from Pennsylvania into Delaware.

4. Under *Scarborough v. United States*, 431 U.S. 563, 566-68 (1977), evidence that a firearm crossed state lines at any time in the past is sufficient to meet the government's burden of proving that the handgun at issue was possessed "in or affecting commerce." *Accord United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001). Defendant contends, however, that the *Scarborough* holding may be superseded by the more restrictive commerce clause standard applied by the United States Supreme Court in *United States v. Lopez*, 514 U.S. 549 (1995). Further, he argues that, if *Scarborough* is overruled then the evidence at bar is insufficient to prove the interstate

2

commerce element of 18 U.S.C. § 922(g). Considering that *Scarborough* remains binding precedent on this court, there is no merit to defendant's motion for judgment of acquittal.

_____
United States District Judge